IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VITO HUNTER, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | NO.   15-cv-565 |
| | : | |
| WAYNE GAVIN et al. | : | |
|     Respondents. | : | |

**REPORT AND RECOMMENDATION**

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                                                              **August 10, 2015**

Before the Court is a *pro se* Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by Vito Hunter ("Petitioner"), an individual currently incarcerated at the State Correctional Institution in Waymart, Pennsylvania. This matter has been referred to me for preparation of a Report and Recommendation. For the reasons that follow, I respectfully recommend that the Petition be summarily **DISMISSED**.

**I.     PROCEDURAL BACKGROUND[1]**

On January 18, 2011, following a trial, Petitioner was convicted in the Court of Common Pleas of Philadelphia County of one count of Intentional Possession of a Controlled Substance, in violation of 35 Pa. Const. Stat. § 780-113(a)(16). Crim. Docket I at 3. Petitioner was sentenced to a maximum of 18 months' probation. *Id*.

---

[1] The Court's recitation of the procedural history relies upon the information provided by Petitioner in his form Petition for Writ of Habeas Corpus. (ECF No. 1). The Court has also consulted the Common Pleas Court criminal docket sheets for *Commonwealth of Pennsylvania v. Vito Hunter*, available at https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=MC-51-CR-0048473-2010 (last visited August 4, 2015) [hereinafter "Crim. Docket I"] and https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=MC-51-CR-0032855-2012 (last visited August 4, 2015) [hereinafter "Crim. Docket II"].

Subsequently, Petitioner was charged with one count of Driving Under the Influence of Alcohol or Controlled Substance, in violation of 75 Pa. Const. Stat. § 3802(a)(1).[2] Crim. Docket II at 2. Petitioner proceeded to trial on this charge, and on November 30, 2012, was found guilty of Driving Under the Influence, and sentenced to a term of one-to-two years' imprisonment and a maximum of two years of parole, to be served consecutively to confinement. *Id.* at 3-4; (Pet'r's *pro se* Hab. Pet. 1). Petitioner did not file a direct appeal of this conviction. (Pet'r's *pro se* Hab. Pet. 2-3).

On June 23, 2014, Petitioner filed a *pro se* petition for relief under Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. §§ 9541, *et seq.* Crim. Docket II at 5. Petitioner asserts that in his *pro se* PCRA petition, he raised the following ground for relief (revised for clarity):

1. Petitioner's sentence violates his rights under the Eighth and Fourteenth Amendments because it is longer than the maximum allowed under Pennsylvania law.

(Pet'r's *pro se* Hab. Pet. 3). On March 18, 2015, attorney Frederick Seth Lowenberg entered his appearance. Crim. Docket II at 5. An amended petition has not been filed, and Petitioner's PCRA petition remains pending. *Id.*

On February 2, 2015, Petitioner filed the present *pro se* petition for a writ of habeas corpus.[3] The petition raises the following grounds for relief (revised for clarity):

---

[2] In light of the new charge, the Parole Board issued several notices declaring Petitioner delinquent while on parole. Crim. Docket I at 4-5. A delinquency declaration is "an administrative procedure not mandated by the Parole Act or Board regulations." *Passaro v. Pa. Bd. of Prob. and Parole*, 499 A.2d 725, 726 (Pa. 1985). Rather, it signals that a parolee's case will be reviewed after the disposal of new or pending charges. *Jezick v. Pa. Bd. of Prob. and Parole,* 530 A.2d 1031, 1032 (Pa. 1987).

[3] Pennsylvania and federal courts employ the prisoner mailbox rule. *See Perry v. Diguglielmo*, 169 F. App'x 134, 136 n.3 (3d Cir. 2006) (citing *Commonwealth v. Little*, 716 A.2d 1287 (Pa. Super. Ct. 1998)); *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). Under this

1. Petitioner's sentence violates his rights under the Eighth and Fourteenth Amendments because it is longer than the maximum allowed under Pennsylvania law.

2. Ineffectiveness of trial counsel for not knowing the sentencing law for habitual DUI offenders and for failing to file a motion to correct Petitioner's sentence.

3. Actual innocence of sentence of conviction.

(Pet'r's *pro se* Hab. Pet. 3-9).   The matter was assigned to the Honorable Gerald A. McHugh, who referred it to the undersigned for a Report and Recommendation.   (Order, ECF No. 30).

## II. STANDARD OF REVIEW

A petition for a writ of habeas corpus must be promptly screened and is subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."[4]   *See* Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.   Rule 4 further states that a judge must order the respondent to file an answer only "[i]f the petition is not dismissed . . ."   *Id.*   The language of the rule thus makes clear:   where it is plainly apparent from the face of the petition that the petitioner will not prevail, the petition should be dismissed without ordering the respondent to answer.   *Pritchard v. Wetzel*,

---

doctrine, a prisoner's *pro se* petition is deemed filed when delivered to prison officials for mailing. *See Burns*, 134 F.3d at 113; *Commonwealth v. Castro*, 766 A.2d 1283, 1287 (Pa. Super. Ct. 2001) (deemed filed when given to proper prison authority or placed in a prison mailbox). Nevertheless, it is a prisoner's burden to provide evidence for when the petition was placed within a prison mailbox or delivered to prison officials.   *See Commonwealth v. Jones*, 549 Pa. 58, 700 A.2d 423, 426 (Pa. 1997); *Thomas v. Elash*, 781 A.2d 170, 176 (Pa. Super. Ct. 2001).   Here, Petitioner certified that he placed the *pro se* petition in the prison mailing system on February 2, 2015, and it will be considered filed on this date.   (Pet'r's *pro se* Hab. Pet. 16).   This Court will, of course, apply the mailbox rule to all *pro se* filings in this matter.

[4] "Habeas corpus petitions must meet heightened pleading requirements."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994).   However, *pro se* pleadings are held to less stringent standards than more formal pleadings drafted by lawyers.   *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

No. 13-5406, 2014 WL 199907, at *2 (E.D. Pa. Jan. 16, 2014); *Smallwood v. Meisel*, No. 13-3989, 2013 WL 6153238, at *2 (E.D. Pa. Oct. 16, 2013), *report and recommendation adopted*, No. 13-3989, 2013 WL 6145123 (E.D. Pa. Nov. 21, 2013).  The Advisory Committee Notes to this rule confirm this interpretation, recognizing that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."[5]  Advisory Committee Note to Rule 4 Governing Section 2254 Cases.  Under Rule 4, a federal habeas court may take judicial notice of state court records, dockets and/or state court opinions as well as its own court records.  *See Richardson v. Thompson*, No. 13-1466, 2014 WL 65995, at *3 (W.D. Pa. Jan. 8, 2014).

The Antiterrorism and Effective Death Penalty Act ("the AEDPA") provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations

---

[5]  The Advisory Committee note cites to *Allen v. Perini*, 424 F.2d 134 (6th Cir. 1970), a case in which the appellate court was critical of a blanket policy of the particular district court to require the respondent to file an answer to every habeas petition and without first examining the petition on its own to determine whether it contained potentially meritorious claims.  *Allen*, 424 F.2d at 140–41. The Sixth Circuit determined that a reviewing federal habeas court "has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face. No return is necessary when the petition is frivolous, or obviously lacking in merit, or where, as here, the necessary facts can be determined from the petition itself without need for consideration of a return."  *Id*. at 141.  Numerous cases decided by district courts within our Circuit have followed this interpretation and have dismissed habeas petitions upon an initial screening due to time-bar issues.  *See, e.g., Strohl v. Superintendent of SCI Cambridge Springs*, No. 12-1595, 2012 WL 5378810, at *6 (E.D. Pa. Apr. 24, 2012) (Restrepo, J.), *report and recommendation adopted*, No. 12-1595, 2012 WL 5363237 (E.D. Pa. Oct. 31, 2012) (summarily dismissing *pro se* habeas petition that was plainly time-barred ); *Miller v. Souther*, No. 12-1063, 2012 WL 4853838, at *6 (E.D. Pa. Mar. 27, 2012), *report and recommendation adopted*, No. 12-1063, 2012 WL 4849139 (E.D. Pa. Oct. 12, 2012) (same); *Young v. Clearfield Cnty. Commonwealth of Pleas,* No. 08-5J, 2008 WL 1711098, at *1 (W.D. Pa. Apr. 11, 2008)(overruling objections and adopting Report and Recommendation that habeas petition be dismissed pre-service pursuant to Rule 4 because it was time barred or in the alternative, the claims were procedurally defaulted).

period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The statute of limitations under § 2244(d) is subject to two tolling exceptions: (1) statutory tolling, during the time a "properly filed" application for post-conviction review is pending in state court,[6] *see* § 2244(d)(2), and (2) equitable tolling, a judicially crafted exception to ensure fairness in extraordinary circumstances, *see Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, *see Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999), or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Even where

---

[6] An application is "filed" when "it is delivered to, and accepted by, the appropriate court officer for placement into the official record." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. *Id.* at 8-9.

extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003).

### III. DISCUSSION

After giving preliminary consideration to Petitioner's *pro se* pleadings, I find that summary dismissal pursuant is appropriate because the petition is time-barred. *See* 28 U.S.C. § 2254 Rule 4 (no response is required if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . .").

The applicable starting point for the statute of limitations in this case is the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner was sentenced on November 30, 2012. (Crim. Docket II at 5). Under Pennsylvania law, Petitioner had thirty days to file a direct appeal. *See* Pa. R.A.P. 903(a). Petitioner did not file a direct appeal. Accordingly, his appeals period expired on Monday, December 31, 2012, at which point his judgment of sentence became final.[7] Petitioner had one year from Monday, December 31, 2012, or until December 31, 2013, to timely file a federal habeas petition. However, Petitioner did not file his *pro se* habeas petition until February 2, 2015, which is 398 days after his statute of limitations expired. Absent equitable or statutory tolling, Petitioner's habeas petition is untimely.

---

[7] Thirty days from November 30, 2012, was Sunday, December 30, 2012. Pursuant to 1 Pa. Con. Stat. Ann. § 1908, which provides that the last day of a statutory computation of time may not fall on a weekend, Petitioner's appeals period instead ended on Monday, December 31, 2012.

Petitioner is not entitled to statutory tolling.  Though he filed a PCRA petition on June 23, 2014, this petition was filed *after* the expiration of the-year federal limitations period, and the filing of a state motion for post-conviction relief after the expiration of the limitations period cannot act to toll or resurrect a limitations period that has already expired.  *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not "properly filed" for purposes of tolling . . . and, in any event, the limitations period had already run when it was filed"); *accord Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (holding that a state court petition filed after the expiration of the AEDPA limitations cannot toll that period because "there is no period remaining to be tolled."). Thus, Petitioner's untimely PCRA petition did not statutorily toll his federal habeas statute of limitations.

Nor has Petitioner alleged facts suggesting a basis for equitable tolling.  *See Lawrence v. Florida*, 549 U.S. 327, 335 (2007) (explaining that a litigant seeking equitable tolling bears the burden of establishing that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way).  First, Petitioner has not set forth circumstances which prevented him in some extraordinary way from filing his federal habeas petition prior to December 31, 2013. He explains that he did not timely file the instant petition because his "counsel told him that the probation and parole department would fix the illegal sentence."  (Pet'r's *pro se* Hab. Pet. ¶ 18). However, even if counsel incorrectly advised Petitioner to bring his sentencing issue to the parole board, this does not constitute extraordinary circumstances.  *See LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) ("In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling.") (quoting *Merritt v. Blaine*, 326 F.3d 157, 169 (3d Cir. 2003)).  Petitioner has

not made a showing of attorney malfeasance or egregious negligence sufficient to satisfy this prong of the equitable tolling requirements.  *See Ross v. Varano*, 712 F.3d 784, 800 (3d Cir. 2013) (explaining the extraordinary circumstances prong).

      In any event, even assuming, *arguendo*, that Petitioner had shown extraordinary circumstances, Petitioner has failed to demonstrate that he exercised reasonable diligence in bringing his claims.  "A determination of whether a petitioner has exercised reasonable diligence is made under a subjective test: it must be considered in light of the particular circumstances of the case."  *Ross*, 712 F.3d at 799.  Moreover, the diligence requirement exists throughout the period Petitioner was exhausting his state court remedies.  *LaCava*, 398 F.3d at 277 (internal citation omitted).  Here, Petitioner waited one year and five months after his sentence before bringing his PCRA petition, and another seven months after that to file the instant habeas petition.  Petitioner attempts to explain the delay by stating that he "saw parole after being incarcerated 20 months," at which time he learned that they did not, in fact, have the authority to fix his sentence.  (Pet'r's *pro se* Hab. Pet. ¶ 18).  Assuming the veracity of Petitioner's version of events, he would have met with parole in August or early September of 2014, by which time his PCRA petition was already pending.  Despite this, he waited until February of 2015 to file the instant habeas petition.  In light of the circumstances surrounding this case, including the fact that the Petition raises few substantive issues and Petitioner has attached no supporting documentation, the Court finds Petitioner was not reasonably diligent in bringing this Petition.

      Thus, because Petitioner failed to file his § 2254 petition within the one-year period of limitation and has not alleged facts sufficient to show that "the 'sparing' doctrine of equitable tolling" should be invoked in this case, *see Robinson v. Johnson*, 313 F.3d 128, 143 (3d Cir. 2002), cert. denied, 540 U.S. 826 (2003), the Petition is time-barred.  As it plainly appears from the face

of the petition that Petitioner is not entitled to relief on his untimely Petition, I recommend this case be dismissed pursuant to Habeas Rule 4.[8]

## IV.    CONCLUSION

For all the foregoing reasons, I respectfully recommend that the petition for writ of habeas corpus be DISMISSED without an evidentiary hearing and with no certificate of appealabilty granted.[9]

---

[8] "[A] federal magistrate judge may raise the AEDPA statute of limitations issue [sua sponte] in a Report and Recommendation ('R & R')." *Long v. Wilson*, 393 F.3d 390, 403 (3d Cir. 2004); *see also Mulero v. Folino*, 2008 WL 2704545, *1, *5 n.10 (July 8, 2010) (dismissing habeas petition as untimely and adopting R & R which raised the timeliness issue *sua sponte*); *Minner v. Tennis*, 2007 WL 2892013, *1 (E.D. Pa. Oct.2, 2007) (dismissing § 2254 petition as time-barred and adopting R & R raising the statute of limitations issue *sua sponte*). However, the Third Circuit has instructed that courts should give notice that a limitations problem may exist. *United States v. Bendolph*, 409 F.3d 155, 165 n.15 (3d Cir. 2005); *see also see Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (district court are authorized to consider sua sponte, the timeliness of a state prisoner's habeas petition, but must accord the parties fair notice and an opportunity to present their positions). Here, the Court observes that the pre-printed habeas form which Petitioner completed provided clear notice of the one-year period of limitation. (Pet'r's *pro se* Hab. Pet. ¶ 18). In attempting to explain why his habeas petition was not timely filed, Petitioner cited to *Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013), which explains the timeliness requirement and sets forth the reasonable diligence and extraordinary circumstances prongs. In any event, this Report and Recommendation serves as further notice of the applicability of the timeliness issue, and Petitioner has reasonable opportunity to oppose the dismissal of his habeas petition through the filing of timely objections. *See Cooper v. Pa. Att'y Gen.*, 2007 WL 2492726, *2 n.3 (W.D. Pa. Aug. 30, 2007) ("To the extent that Petitioner is entitled to notice and an opportunity to respond to the statute of limitations bar . . . , the [R & R] procedure with its opportunity to file objections provides such notice and opportunity to be heard."); *Young*, 2008 WL 1711098, at *1 (addressing objections to Report and Recommendation that habeas petition be addressed pre-service as time-barred); *Smith v. Gilmore*, No. 2:15-CV-00313, 2015 WL 4389292, at *1-2 (W.D. Pa. July 13, 2015) (same).

[9] When a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability ("COA") may not issue unless the petitioner demonstrates that jurists of reason would find it debatable; (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or

9

Therefore, I respectfully make the following:

---

that the petitioner should be allowed to proceed further." *Id.*   Here, in light of the procedural bar posed by AEDPA's limitations period, a reasonable jurist could not conclude that the Court would be incorrect in dismissing the petition as time-barred; accordingly, a COA should not issue.

10

## RECOMMENDATION

AND NOW, this   10th   day of August, 2015, it is hereby **RECOMMENDED** that the petition for writ of habeas corpus be summarily **DISMISSED** as time-barred without an evidentiary hearing and with no certificate of appealability.  Petitioner may file objections to this Report and Recommendation.  See Local Civ. Rule 72.1.  Failure to file timely objections may constitute a waiver of any appellate rights.

**BY THE COURT:**


  /s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE